```
Stanley A. Zlotoff, State Bar No. 073283
Attorney at Law
300 S. First St. Suite 215
San Jose, CA  95113

Telephone (408) 287-5087
Facsimile (408) 287-7645

Attorney for Blaze, Inc.
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Chapter 11 |
|   Jacqueline Lopez-Flores, | ) Case No.: 18-52014 SLJ |
|   | ) R.S. No. SAZ-1 |
|   Debtor | ) |
|   | ) Date:  August 6, 2019 |
|   | ) Time:  10:00 a.m. |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Blaze, Inc.  moves the Court as follows:

1. For an order modifying the Automatic Stay to authorize continuation to judgment of Santa Clara County Superior Court Action("Action") No. 1-15-CV-280113, entitled *Blaze, Inc. and Jacqueline Lopez-Flores vs. VF Mall, LLC*.  The Action includes a cross-complaint filed by VF Mall, LLC against Blaze, Inc., Jacqueline Lopez-Flores, and other named individuals.

2. The motion is made for cause, pursuant to Section 362(d)(1), and is based upon the Declaration of Saul Flores, an officer of Blaze, Inc., the points and authorities set forth below, and such other and further evidence as may be introduced at the hearing.

- 1

BACKGROUND

1. Prior to commencement of her Chapter 11, the debtor herein, Jacqueline Lopez-Flores("Debtor") together with Blaze, Inc. filed a lawsuit, the Action, against VF Mall, LLC("Mall"). Mall filed a cross- complaint against Blaze, Inc., Debtor, and other named individuals. A copy of the Action and cross -complaint are attached as Exhibits A and B to the Declaration of Saul Flores.

2. Essentially, the Action alleged that Blaze Inc. and Mall had entered into a commercial real property lease for a ten year term, pursuant to which Blaze Inc. was authorized to construct an upscale restaurant and lounge in the Valley Fair shopping center in which Mall was lessor. Over a number of years, Blaze, Inc. expended millions of dollars in the design, approval, and construction phases of developing its leasehold premises.

3. The Action further alleged that Mall induced Blaze, Inc. to enter into the lease by failing to disclose that Mall had been negotiating with a developer for plans to expand Valley Fair shopping center that would eliminate Blaze, Inc's leasehold well short of the term of its lease.

4. The Action alleged that Mall breached the lease agreement, interfered with Blaze, Inc's prospective economic advantage, and engaged in fraud, misrepresentation, and unfair business practices. The damages requested are in the millions of dollars.

5. Mall's cross-complaint alleged breach of contract by Blaze, Inc., and breach of commercial guarantees by named individuals including Debtor.

6. The Action and Mall's cross-complaint were on the verge of trial when Mall notified the Superior Court that Debtor's Automatic Stay prohibited the trial from going forward. As a result, the trial was taken off the court's calendar.

7. The firm ("Firm") of Matteoni, O'Laughlin & Hechtman is representing Blaze, Inc. and Debtor in the Action, and the Firm is representing Blaze, Inc, Debtor, and other named individuals in Mall's cross-complaint.

8. Attorney's fees for Blaze, Inc and the other parties are being advanced by an entity owned by Saul Flores. Debtor is not being asked to contribute to the Firm's fees.

9. If the Action is successful and the Mall's cross-complaint defeated, then Blaze, Inc. will recover sizeable damages, and Debtor, as a part owner, will indirectly benefit. In addition, Debtor's guaranty, for which Mall alleged damages approximate $500,000, will be cancelled.

CAUSE EXISTS FOR RELIEF FROM STAY

Among the factors to consider in determining whether relief from the automatic stay should be granted to allow state court proceedings to continue are considerations of judicial economy, the expertise of the state court, prejudice to the parties, and whether exclusively bankruptcy issues are involved. In re Kronemyer, 405 B.R. 915, 921(9th Cir. BAP 2009).

When a pending trial has been interrupted by the automatic stay, judicial economy, not to mention the lack of prejudice to both parties who have presumably prepared for the trial, will be justification enough to lift the automatic stay. In re Kemble, 776 F.2d 802, 807(9th Cir. 1985).

There is no prejudice to the bankruptcy estate, because attorney's fees will be defrayed by another party to the litigation.

The gist of the Action and cross-complaint for breach of contract, interference with prospective economic advantage, misrepresentation, fraud, and unfair business practices are matters clearly within the expertise of the state court.

- 3 -
Case: 18-52014    Doc# 78    Filed: 07/15/19    Entered: 07/15/19 17:43:19    Page 3 of 4

Where nondebtor parties are involved in the state court litigation, then judicial efficiency militates in favor of one trial in state court. <u>In re Westwood Broadcasting, Inc.</u>, 35 B.R. 47, 49(Bankr. Haw. 1983). Mall's disputed claim must be adjudicated somewhere; and, as no bankruptcy issues are involved in the Action or cross-complaint, the state court should be the proper venue for concluding the parties' litigation.

CONCLUSION

Relief from stay should be granted to permit the parties to litigate the Action and cross-complaint to judgment in the state court.

Dated: 7/15/2019                                     /s/Stanley Zlotoff